UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Surjit Singh Bhullar (A-Number: 246-612-759),<br><br>Petitioner,<br><br>v.<br><br>Current or Acting Field Office Director, San Francisco Immigration and Customs Enforcement Office, et al.,<br><br>Respondents. | No. 1:26-cv-07179-KES-EGC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Surjit Singh Bhullar is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The Court has previously addressed the legal issues raised by claim two of the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4.

Respondents argue that petitioner "appears to seek a court-ordered bond hearing with the burden of proof inverted from that set forth in the statute" and that petitioner's contact with law enforcement "is a circumstance that supports the government's decision to take [p]etitioner into immigration custody, and no due process right to a pre-deprivation hearing imposes any additional requirement on the government." Doc. 6 at 1-2. But respondents' records reflect that petitioner was previously encountered by immigration officials in 2023 and was released at that time on a notice to appear. *See id.* at 6-2 at 2–3; *see also* Doc. 1-6 at 2–4 (Notice to Appear). And although petitioner was detained by local law enforcement, he was released with a certification "that the taking into custody of Surjit S Bhullar on 8/13/2026 by the SO was a detention only, not an arrest." Doc. 1-5 at 2. Petitioner was not detained by ICE for almost two weeks after this release, *see* Doc. 6-2 at 2, and respondents do not identify any evidence that petitioner has committed any criminal offense.

Respondents do not distinguish this case from this Court's prior orders or raise any argument that this Court has not previously considered. For the reasons stated in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the Court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S.

371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents have not established any such urgent circumstances in this case.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Surjit Singh Bhullar (A-Number: 246-612-759) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: September 13, 2026

UNITED STATES DISTRICT JUDGE